IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DONJEL LAMONT WALKER,              §
                                   §
            Petitioner,            §
                                   §
v.                                 §        No. 4:14-CV-1037-Y
                                   §
LORIE DAVIS, Director,[1]          §
Texas Department of Criminal       §
Justice, Correctional             §
Institutions Division,            §
                                   §
            Respondent.            §

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Donjel Lamont Walker, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I.   FACTUAL AND PROCEDURAL HISTORY

In 2011, in the 266th Judicial District Court, Erath County, Texas, Petitioner was charged with one count of delivery of methamphetamine in an amount of four grams or more but less than 200

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

grams. (Adm. R., Clerk's R. 4, ECF No. 13-7.) The indictment also included an enhancement paragraph alleging a prior 2008 felony conviction for possession of a controlled substance. (*Id.*) On April 24, 2012, a jury found Petitioner guilty of the offense, and, on April 25, Petitioner pleaded true to the enhancement paragraph, and the jury assessed his punishment at sixty years' confinement and a $6000 fine. (*Id.* at 38, 43.) Petitioner appealed his conviction, but the Eleventh Court of Appeals of Texas affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. (*Id.*, Op., ECF No. 13-4; Docket Sheet 2, ECF No. 13-3.) Petitioner also filed a state habeas application challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals. (*Id.*, Action Taken, ECF No. 13-21 & SH2 WR-82,426-01 Writ, ECF No. 13-22.) This federal petition followed.

The state appellate court summarized the evidence at Petitioner's trial as follows:

> Sergeant Curtis Lee Dees worked in the narcotics division of the Stephenville Police Department. Sergeant Dees testified that the department engineered a controlled purchase of methamphetamine through a confidential informant (CI). The CI contacted Bradley Keith Collins to purchase methamphetamine. Collins met her at Tasha Bryant's home. Bryant arrived home, and the three went inside. Neither Collins nor Bryant actually had the methamphetamine; they were waiting for a third person, Appellant, to deliver it to them. Collins and Bryant acted as middlemen, handling the exchange between the CI and Appellant for a share of the profit. Following the handoff between Appellant and Collins, Appellant spoke with the CI directly and offered to drop the price

2

by cutting out the middlemen. Bryant, Collins, and
Appellant were all charged in connection with this
controlled purchase.

(*Id.*, Op. 3, ECF No. 13-4.)


## II. ISSUES

Generally, Petitioner raises the following four grounds for
relief:

(1) He was denied effective assistance of trial counsel;

(2) The trial court erred and abused its discretion;

(3) He was denied effective assistance of appellate
counsel; and

(4) He is actually innocent.

(Pet. 6-7, ECF No. 1.)


## III. RULE 5 STATEMENT

Respondent believes that Petitioner has sufficiently exhausted
his state-court remedies as to the claims raised and that the
petition is not subject to the successive-petition bar. (Resp't's
Answer 12, ECF No. 14.)


## IV. LEGAL STANDARD FOR GRANTING HABEAS-CORPUS RELIEF

A § 2254 habeas petition is governed by the heightened standard
of review provided for in the Anti-Terrorism and Effective Death
Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of
habeas corpus should be granted only if a state court arrives at a
decision that is contrary to or an unreasonable application of

3

clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both express and implied findings of fact. *Valdez v. Cockrell,* 274 F.3d 941, 948 (5th Cir. 2001). When the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and infer fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Schartzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir.

4

2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997). Thus, to the extent the state courts considered and rejected petitioner's claims without written order, the state courts' adjudication of the claims is subject to the appropriate deference absent evidence the state court applied an incorrect standard of federal law. A petitioner has the burden of rebutting the presumption of correctness by clear-and-convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

## V.  DISCUSSION

### (1) and (3) Ineffective Assistance of Counsel

Under his first and third grounds, Petitioner claims he was denied effective assistance of counsel at trial and on appeal. A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on the first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to

5

demonstrate ineffective assistance. *Id.* at 687, 697. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The Supreme Court recently set out in *Harrington v. Richter* the way that a federal court is to consider an ineffective-assistance-of-counsel claim raised in a habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)). Accordingly, it is necessary only to determine whether the state courts' rejection of Petitioner's ineffective-assistance claims was contrary to or an objectively unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v.*

*Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

Petitioner claims trial counsel was ineffective by failing to:

(a) conduct a thorough and proper investigation into the facts and case law applicable to his case;

(b) subpoena his cell phone records in support of his proffered defense and to controvert the CI's testimony;

(c) file timely pretrial motions pursuant to the trial court's scheduling order;

(d) investigate by locating and interviewing potential witnesses for the defense during the punishment phase;

(e) properly impeach the testimony of the state's CI; and

(f) object to the state prosecutor's impermissible jury argument.

(Pet. 6-6A2, ECF No. 1.)

Petitioner raised (f), above, in his appellate brief, and the state appellate court, applying *Strickland* and relevant state law, overruled the claim as follows:

Appellant . . . asserts that he received ineffective assistance when his defense counsel failed to object to impermissible comments made by the State during its closing argument at the punishment phase. The trial court charged the jury on punishment, tracking the statutorily prescribed language in Article 37.07, section 4(b) of the Texas Code of Criminal Procedure. The State referenced the court's charge extensively in its closing, urging the jury to consider the potential effects of good behavior and parole on Appellant's sentence. Specifically, the State argued:

In these instructions you're going to be told that under the law in this case [Appellant], if sentenced to a term of imprisonment, we know that's going to happen somewhere between fifteen and ninety-nine, if he's sentenced to a term of imprisonment, he may earn—and I've highlighted that "earn", time off of the period

7

of incarceration through the award of good
conduct time. . . . Under the law in this case,
. . . he will not become eligible for parole,
that is, release, until the actual time he has
served, plus the good credit, the good conduct
time, the extra credit, equals one-fourth of
the sentence you give him, or fifteen years,
whichever is less. . . . As jurors, you're
entitled to know the truth, and that is if you
put a . . . number on that piece of paper, you
don't have control over that number, Texas
Department of Criminal Justice, the prison says
we can kick them out in one-fourth of that if
we choose to do so, you don't have any say so
over that, or fifteen years, whichever is less.

> ....

Appellant cites to the Third Court of Appeals's
opinion in *Branch v. State*. The *Branch* court held that
the defendant's trial counsel was ineffective when he did
not object to the prosecution's impermissible closing
argument. During the closing arguments at the punishment
phase, the prosecution stated that, if the jury assessed
punishment at life, the defendant would be released "in
seven or eight years if he exhibited good conduct" and
that the defendant "would 'never' serve as many as
fifteen or twenty years if given a life sentence."
Relying on *Andrews,* the Third Court of Appeals held that
trial counsel had a duty to correct the prosecution's
misstatement of law and that the failure to do so
prejudiced the defendant because it left the jury with
the impression that a life sentence would only ensure
confinement for seven years.

Article 37.07, section 4(b) of the Texas Code of
Criminal Procedure requires that the jury instructions
contain information on parole law. The court's charge
complied with that requirement. In the present case, the
State tracked the court's charge on punishment and then
requested that the jury "be aware of [good conduct and
parole] and crank that into" the equation. Because the
State's closing argument was not improper, Appellant's
trial counsel's failure to object cannot constitute
deficient performance.

Because Appellant has failed to establish that he
was prejudiced by the State's closing argument, we need

not conduct an in-depth analysis under *Strickland*'s first prong. The jury assessed a 60-year sentence, which is well within the 15- to 99-year punishment range applicable to Appellant's conviction. . . .

(Op. 9-12, ECF No. 13-4.)

Petitioner fails to demonstrate that the state court's adjudication of the claim is contrary to or an unreasonable application of *Strickland.* Trial counsel is not required to make frivolous objections. *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir.), *cert. denied,* 513 U.S. 966 (1994).

Trial counsel, Matt Mills, addressed the remaining claims via an affidavit filed in the state habeas proceeding as follows:

> I met with Donjel Walker numerous times throughout the case, and even had a contested pre-trial motion on two points in the early stages. So if there was any ineffective assistance, I don't think it was due to a lack of effort. In the pre-trial hearing, I attempted to quash an indictment for the second case, Cause No. CR13673. Although the judge went against us, I think we had a strong argument and could have possibly won that issue on appeal. However, once the main case ended in a conviction, the second was dropped.
>
> As for the case itself, my client, D.J. Walker, consistently tried to say that the video and other evidence didn't really say what it was saying. The video evidence was pretty clear, and he was on video talking about a drug transaction. A short time before our trial, a co-defendant, Tasha Bryant, was sentenced for the same transaction for (I think) 35 years. I met with Ms. Bryant about DJ's involvement, and she confirmed everything the State was trying to prove. She ended up testifying in trial against us. Of all the people involved, I couldn't find one who would say that DJ wasn't involved. This was a major problem for us. My main theme was that the confidential informant, Lindsey Ford, was just on the take for as many people as she could take down as possible, so maybe she wasn't reliable. But then what could I do with Tasha? That's where the State had a

9

really bulletproof case.

There were several times before and during trial where my client, Mr. Walker, was a difficult client. He was talking about getting a new lawyer, but never did so. I asked him before court if he would have clothes for trial, and he said he would have them. Then I showed up for trial and he had nothing. I provided him with a shirt, but he wore orange shoes during voir dire, and I spent my lunch break buying shoes for him.

During trial, there was one spot where he caused an interruption in my cross examination. He had a list of questions he wanted to ask, and he forced the judge to call a recess. Then the judge told me I should just go ahead with his questions. Several of them were objected to, with the judge sustaining the objection. Others were useless.

I don't recall what we did on punishment, in terms of witnesses. I know his mother was involved quite a bit, and in fact was causing some trouble with the bailiff in court. She also had a felony history, and I think I chose not to call her as a witness. I know I tried to do something in punishment, but I could not ever line up favorable witnesses. The witness my client wanted me to call could not help.

I know that I spent lots of time trying to find evidence for us, but the State's case was so strong there was nothing and no one that would help. All of the other individuals involved in the events were against us on the facts and my client could not offer any factual theory that would support any legal defense or even any persuasive arguments that would decrease the strength of the State's case. Virtually every witness that my client suggested could have been impeached or was not willing to get involved.

(Adm. R., SH2 WR82,426-01, 42-43, ECF No. 13-22.)

No express findings of fact or conclusions of law were made by the state courts as to these claims. The state habeas judge, who also presided over Petitioner's trial, merely recommended denying relief after finding that Petitioner's state habeas application was

"without legal or factual merit." (Adm. R., SH1-Writ 82,426-01 44, ECF No. 13-22.) The recommendation was followed by the Texas Court of Criminal Appeals, which denied relief without a hearing or written order.

As previously noted, in the absence of a written opinion or express findings of fact, this Court assumes the state courts applied the *Strickland* standard and made factual findings consistent with the state courts' decision. Having reviewed the record in its entirety, and assuming the state courts concluded that Petitioner failed to demonstrate one or both prongs of *Strickland*, it is not necessary for this Court to apply the first prong. In light of the overwhelming evidence of petitioner's guilt, he cannot establish prejudice against him. *Green v. Lynaugh,* 868 F.2d 176, 177 (5th Cir. 1989). Absent prejudice, petitioner's claims fail the second *Strickland* prong. *United States v. Royal,* 972 F.2d 643, 651 (5th Cir. 1992).

Petitioner claims appellate counsel was ineffective by failing to properly brief the ineffective-assistance-of-counsel claim "presented in appellant's brief in regards to [Officers] Luckie and Miller's testimony" about an extraneous Hood County offense and failing to file a motion for new trial and present it to the trial court to secure a hearing to develop his ineffective-assistance claims. (Pet. 7 & -7A1.) To prevail on a claim of ineffective assistance of counsel on appeal, a petitioner must make a showing

11

that had counsel performed differently, he would have prevailed on appeal. *Sharp v. Puckett,* 930 F.2d 450, 453 (5th Cir. 1991) (citing *Strickland,* 466 U.S. at 687). Appellate counsel is not required to urge every possible argument, regardless of merit. *Robbins,* 528 U.S. at 288; *Sharp,* 930 F.2d at 452. It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983).

The question is whether Petitioner has shown that appellate counsel's failure to brief his ineffective-assistance-of-trial-counsel claim differently and file a motion for new trial worked to his prejudice--*i.e.,* that but for counsel's omissions he would have prevailed on a motion for new trial and/or on appeal. *Sharp,* 930 F.2d at 453. Petitioner presents no factual or legal basis for his first claim. Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983). Nor was appellate counsel ineffective for not filing a motion for new trial. As a matter of state law, the more "appropriate vehicle" for investigating and developing a record concerning ineffective-assistance claims is typically a petition for writ of habeas corpus. *See Mitchell v. State,* 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

(2) Trial-Court Error

12

Under his second ground, Petitioner claims the trial court erred and abused its discretion by overruling his "objection to an improper predicate or foundation being properly laid by the state regarding 'DJ' identified on the CI's phone as belonging to Petitioner without any offer of proof by the State to prove-up its assertion." Pet. 6, ECF No. 1. Sergeant Dees testified that he investigated and photographed the CI's phone and text messages between the CI and Petitioner. He linked the text messages to Petitioner based on the phone number Petitioner gave to the CI in the video recording of the transaction. (Adm. R., Reporter's R., vol. 7, 49-50.) The CI also testified that the text messages were between her and Petitioner. In the text messages, the CI says, "Thank you so much they are happy with it." (*Id.*, vol. 12, State's Ex. 2, ECF No. 13-20.) Petitioner responds, "Say I just got some better it's all rock." (*Id.*)

A state court's evidentiary ruling cannot be the basis for federal habeas-corpus relief unless it violates a specific constitutional right or renders the trial fundamentally unfair. *Pemberton v. Collins,* 991 F.2d 1218, 1226 (5th Cir. 1993). Even if an evidentiary ruling is found to be a constitutional violation, the applicant must show actual prejudice--*i.e.,* that the trial error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993)(internal quotation marks and citation omitted). In

13

determining whether an erroneous evidentiary ruling had a substantial and injurious effect on the jury verdict, a court must consider the following: (1) the importance of the witness's testimony; (2) whether the testimony was cumulative; (3) whether there was evidence corroborating or contradicting the testimony; and (4) the overall strength of the prosecution's case. *Cupit v. Whitley,* 28 F.3d 532, 539 (5th Cir. 1994).

As a matter of state law, it appears the text-message exchange was authenticated and admissible based on the testimony of Detective Dees and the CI. *See Butler v. State,* 459 S.W.3d 595, 603-04 (Tex. Crim. App. 2015). Further, the text message exchange was not particularly "crucial, critical [or] highly significant," given that Petitioner was positively identified as the person who delivered the methamphetamine by at least three witnesses and the transaction was recorded. Given the strength of the state's case, it cannot be said that admission of the text messages had a substantial and injurious effect or influence on the jury's verdict that would warrant habeas relief.

### (4) Actual Innocence

Under his fourth ground, Petitioner claims he is actually innocent of the "judgment and sentence" based upon—

> the totality of ineffective assistance of both trial and
> appellate counsel(s) and the trial court abusing its
> discretion and allowing impermissible closing argument by
> the State and the fact there is absolutely no evidence
> adduced at trial that proves Petitioner directly or

14

constructively delivered a controlled substance to any
act.

Pet. 7, ECF No. 1.

"Actual innocence" is not an independent ground for habeas corpus relief. *Herrera v. Collins,* 506 U.S. 390, 400 (1993); *Foster v. Quarterman,* 466 F.3d 359, 367 (5th Cir. 2006); *Dowthitt v. Johnson,* 230 F.3d 733, 741-42 (5th Cir. 2000). The Supreme Court reaffirmed in *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013), that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. Until that time, such a claim is not cognizable on federal habeas review. Moreover, to establish actual innocence, a petitioner "must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson,* 188 F.3d 635, 664 (5th Cir. 1999) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson,* 243 F.3d 215, 221 (5th Cir. 2001). Petitioner provides no proof of his assertion. Petitioner has offered no new, reliable evidence sufficient to refute the jury's verdict.

15

## VI.   CONCLUSION

In summary, based on the record before the Court, the state courts' rejection of Petitioner's claims is not contrary to, or involve an unreasonable application of, clearly established federal law as established by the Supreme Court nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the state courts.

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and DENIES a certificate of appealability.

SIGNED August 8, 2016.


TERRY R. MEANS
UNITED STATES DISTRICT JUDGE